IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES C. GREGORY, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-12-1773 |
| NATIONAL NAACP, et al. | * | |
| Defendants | * | |

***

## MEMORANDUM

Pending is James C. Gregory's complaint and motion to proceed in forma pauperis. Plaintiff's financial affidavit shows no income, cash, or personal property of value and, the court will grant his motion to proceed in forma pauperis. The complaint, however, will be dismissed for lack of jurisdiction.

### I.     Background

Plaintiff's claims arise from his disagreement with officers in a NAACP local chapter in Blytheville, Arkansas. Plaintiff, who identifies himself as a resident of Arkansas, states defendants Ben Jealous, Roger Vann, Charles White, Jr., Andrea Brown, Charles L. White, Carmen Berkley, Kim Keenan, Gill Ford, Roslyn Brock, Carmen Watkins, all sued in their official capacities, conduct business in Baltimore, Maryland, where the National NAACP has its headquarters. Complaint at ¶¶ 1 and 2. Defendants Dale Charles, Tracy Marshall, Mary Alice Jones, and James T. Hollis, local chapter officer, all sued in their official capacities, conduct business in Arkansas. *See id.* at ¶ 3. Additionally, plaintiff brings this action pursuant to §501(c)(3) of the Internal Revenue code and "[u]nder the Constitution of the United States Constitution of men [sic] are to be treated equal, but the NAACP refuses to treat their members

according to the First Amendment with the same respect." *Id.* at ¶ 5. As relief, he requests injunctive relief and damages.

## II. Jurisdiction

Federal district courts are courts of limited jurisdiction: "[t]hey possess only that power authorized by Constitution and statute." *Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). There is no presumption that the court has jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Thus, as a threshold matter, a district court must determine whether a valid basis for jurisdiction exists to consider a case, "and dismiss the action if no such ground appears." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

Generally, federal jurisdiction is asserted where: 1) a federal question is presented, or 2) there is diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331 & 1332. In this case, neither jurisdictional requirement is satisfied. First, the complaint presents no facts to suggest an infringement of the United States Constitution or federal law. Plaintiff alleges no facts to substantiate a violation of the First Amendment or constitutional guarantees of equal protection. To the extent Plaintiff alleges a violation of the Tax Code, he must pursue his remedies through the appropriate administrative forums and before the U.S. Tax Court, as may be appropriate.[1] As such, there is no basis for federal question jurisdiction.

In order for there to be diversity jurisdiction, a matter must involve an amount in controversy exceeding $75,000.00 and there must be complete diversity of the parties. *See Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *see also See Baltimore*

---
[1] This court expresses no opinion as to the merit of Plaintiff's claims.

*County v. Cigna Healthcare*, 238 Fed. Appx. 914, 920 (4th Cir. 2007) (unpublished) (explaining complete diversity). Here, plaintiff and local chapter officers and defendants Dale Charles, Tracy Marshall, Mary Alice Jones, and James T. Hollis, are residents of Arkansas, thereby defeating the jurisdictional requirement of complete diversity under 28 U.S.C. § 1332.

In the absence of any basis to assert jurisdiction over this matter, the court must dismiss this case. A separate order follows.

DATED this __1__ day of ~~July~~ Aug, 2012.

BY THE COURT:

_____
James K. Bredar
United States District Judge